

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

1:21cv24143

ALBERONICK VALSAINT

*Plaintiff*

vs

CITY OF MIAMI BEACH, FLORIDA

a political subdivision

GUSTAVO BLACIO,

OFFICER "JOHN DOE",

DAVID CAJUSO,

ORLANDO SOSA Jr,

*Defendants*

_____/

CASE #:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This is a civil rights action filed on behalf of Alberonick Valsaint as the Plaintiff on this case under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. These amendments were violated when the Plaintiff was wrongfully arrested by Gustavo Blacio and Individual Defendants who are uniformed police officers employed by the City of Miami Beach, Florida.

2. This is a legal action for monetary damages brought pursuant to *42 U.S. Code Section 1983*, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, under the Common laws of the State of Florida against the City of Miami Beach, Florida and the Individual Defendants Gustavo Blacio, "John Doe", David Cajuso and Orlando Sosa Jr.

## JURISDICTION AND VENUE

3. This action to vindicate Plaintiff's rights protected by the First, Fourth and Fourteenth Amendments to the United States Constitution is brought under *42 U.S.C. § 1983*. This Court has jurisdiction over this civil rights action under *28 U.S.C. § 1331* and *1343*. This Court also has jurisdiction under *28 U.S.C. § 2202* to declare the rights of the parties and to grant all further relief found necessary and proper to the Plaintiff.
4. Venue is proper in the Southern District of Florida pursuant to *28 U.S.C. § 1391*(a) in that Defendants are subject to personal jurisdiction within the Southern District of Florida and the events that give rise to this action occurred within the Southern District of Florida.
5. All conditions precedent to the maintenance of this action have been performed prior to its institution including those set forth by Florida Statute Chapter 768.

**THE PARTIES**

6. The Plaintiff, Alberonick Valsaint, is a law abiding citizen with **zero** arrest in record before the incident, "squeaky clean record". Plaintiff is a graduate of Miami Dade College in Miami, Florida with a Bachelor of Science in Computer Information Technology and has been a resident of Miami-Dade County for more than 25 years.
7. Defendant City of Miami Beach, Florida is a political subdivision of the state of Florida.
8. Defendant GUSTAVO BLACIO, ID #:002-00892, is a law enforcement officer employed by the City of Miami Beach, Florida. Defendant Blacio has track records of legal complaints and/or lawsuits as defendant in various cases.
9. Defendant "JOHN DOE", unknown, short White or Hispanic male, is an uniformed law enforcement officer employed by the City of Miami Beach, Florida.
10. Defendant DAVID CAJUSO, ID #:002-01135, is a law enforcement Officer employed by the City of Miami Beach, Florida.
11. Defendant ORLANDO SOSA Jr, ID #:002-00671 is a law enforcement officer employed by the City of Miami Beach, Florida. Defendant Sosa Jr signed the police report to acknowledge other Defendants' actions.
12. At the time of the incident, all Individual Defendants were duly appointed and acting as police officers of the City of Miami Beach, Florida acting under the color

of law, under color of statutes, ordinances, regulations, policies, customs and usages of the state of Florida and the City of Miami Beach Police Department.

13. At all material times, Defendants City of Miami Beach, Gustavo Blacio, "John Doe", David Cajuso and Orlando Sosa Jr were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

## FACTS OF THE CASE
### Part I

14. While the Plaintiff, Alberonick Valsaint, was sitting down quietly and peacefully with his backpack on his laps somewhere in the proximity of Lincoln Road and Pennsylvania Ave in the jurisdiction of the City of Miami Beach Florida, Defendants "John Doe" and Gustavo Blacio approached the Plaintiff from the back or opposite side, turned around to the front of the Plaintiff to start an interrogation session.

15. Before such interrogation got even started, Defendant "JOHN DOE" - a rogue police officer - showed high level of arrogance and unprofessionalism brandished his loaded firearm to Plaintiff's head.

16. Defendant "JOHN DOE" started circling around the Plaintiff with his firearm still pointing at the Plaintiff.

17. Under pressure while his weapon pointed at Plaintiff, rogue Defendant "JOHN DOE" ordered the Plaintiff" to open his backpack so the duo Defendants Blacio and "John Doe" could see what type of weapon or firearm the Plaintiff had in his backpack".

18. Plaintiff never had nor owned any weapon or firearm of any kind and Plaintiff kindly opened his backpack to prove just that to Defendants.

19. With Defendant "JOHN DOE" standing by and still brandishing his weapon at Plaintiff, Defendant GUSTAVO BLACIO ordered Plaintiff to show proof of identification.

20. Fearing that he may shot dead by Defendant "JOHN DOE", Plaintiff quickly grabbed his Florida driver license from his wallet and gave it to Defendant Gustavo Blacio.

21. Defendant Blacio scanned the Plaintiff's driver license on his electronic handheld device and had a short conversation over the City of Miami Beach issued two-way

radio communication with someone who appeared be Defendant Blacio's supervisor or boss.

22. Defendant Gustavo Blacio asked Plaintiff Alberonick an array of questions about his national origin, his race; Defendant Blacio specifically asked defendant "Are you Haitian" [sic], what his level of education, what does Plaintiff do for a living, etc....
23. Defendant Gustavo Blacio never read Miranda Rules to Plaintiff.
24. Even though Plaintiff knew some of Defendant Blacio questions were illegal, Plaintiff answered all of them truthfully and honestly to the best of his ability to avoid a fatal escalation of the situation as Defendant "JOHN DOE" appeared to be on a mission to kill.
25. At the end of the interrogation, the unidentified person over the two-way radio ordered Defendent Blacio to let Plaintiff Alberonick go/leave.

**Part II**

26. Few months later, Defendant Gustavo Blacio and Individual Defendants pulled up on Plaintiff while Plaintiff was sitting down/laying down quietly outside of a closed and locked building on Lincoln Road area and immediately put Plaintiff under arrest without any verbal or written warnings.
27. Such unfortuante incident happened on October 25th, 2018 in the middle of the night.
28. Plaintiff was in that area waiting for another hour to go by so he could get to the nearby bus stop to be at work at 05:30 AM.
29. Defendant Blacio never asked any question nor gave any verbal warnings to Plaintiff, but Defendant Blacio ordered Plaintiff to turned against the wall and immediately put Plaintiff under arrest.
30. Defendant Gustavo Blacio arrested the Plaintiff without any incident on October 25th, 2018 and locked him inside a City of Miami Beach MiniVan where he could barely fit in due to his height and the handcuff left him with bruises and marks.
31. Defendant Blacio ordered the MiniVan driver to continue driving around the City of Miami Beach in the middle of that night so Defendants BLACIO and his co-defendants could round up more individuals for just standing, sitting down or lying down within the jurisdiction of Miami Beach, Florida and charged them with some

bogus charges to justify their wrongful arrests, then the defendants locked them up at a Miami Dade County Detention Center.

32. The Plaintiff surveyed and asked few people and residents - which required anonymity for their privacy – in the area of Lincoln Rd about this type of police operation.

33. These people said that "City of Miami Beach Police Department has a long history of arresting and/or rounding up individuals who have nothing to do with criminal activities so their law enforcement officers can keep up with their arrest quotas for the day, week or month."

34. These people also said that "City of Miami Beach Police Officers receive financial incentives whenever they book an individual into the Detention Center (jail)."

35. Instead of putting their time and City of Miami Beach resources into fighting real crime like drug trafficking, homicide, burglaries, prostitution, traffic accidents, human and sex trafficking and other crime, City of Miami Beach Police Officers rather target and harass peaceful law abiding citizens like Plaintiff Alberonick Valsaint who has absolutely nothing to do with criminal activities.

36. Some of Defendant Gustavo Blacio's history of Civil Rights Violations where Defendant Blacio was sued and listed as Defendant in at least two other civil rights cases:

37. In the case of Juan C. Brinis Fernandez vs Colombo et al, *Case # 1:2020cv20572*, (Southern District of Florida, February 7th 2020). Gustavo Blacio is listed as Defendant in this civil right case.

38. In the case of Juan Carlos Fernandez vs Gelber et al, *Case # 1:2014cv23374*, (Southern District of Florida, September 10th, 2014). Gustavo Blacio is listed as defendant in this civil right case.

***The following factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery:***

39. The City of Miami Beach, Florida and/or City of Miami Beach Police Department did not implement and/or enforce policies, procedures and training that complied with industry standards and the law to ensure that the civil rights of citizens were not violated by law enforcement officers under his command.

40. The City of Miami Beach, Florida knew that their police officers were routinely required to make seizure and arrest in direct violations of the Fourth Amendment to the United States Constitution.
41. The City of Miami Beach, Florida knew that their police officers were routinely and randomly arrested individuals which resulted in violations of citizens' civil rights.
42. The City of Miami Beach, Florida knew that their police officers routinely made wrongful arrest decisions that resulted in violations of civil rights of the Plaintiff.
43. Despite it is being plainly obvious to City of Miami Beach, Florida that additional or different policies and training would protect the rights of citizens and the Plaintiff, City of Miami Beach did not provide the additional or different policies and training to prevent these violations.
44. City of Miami Beach Police Department did not investigate complaints from Plaintiff Alberonick to come up with a solution or resolution.
45. Racial profiling, equal protection and non-discrimination in the provision of law enforcement services to the public have strong deficiencies in City of Miami Beach Police Department policies and trainings which resulted in wrongful arrest and other constitutional protected rights of this Plaintiff.
46. The aforementioned policy and training deficiencies were the moving force that caused the injuries to Plaintiff Alberonick.
47. The City of Miami Beach, Florida did not conduct an internal investigation of the incident even though Plaintiff Alberonick filed a formal complaint with the Internal Affairs Department in a timely manner in August 2020.
48. The City of Miami Beach, Florida did not discipline nor reprimand the Individual Defendants for their wrongful actions and illegal detention of the Plaintiff.
49. As a direct result of the Defendants' conduct and actions, Plaintiff Alberonick suffered psychological injuries, emotional distress and irreparable damages to his person.
50. Plaintiff Alberonick suffered from flashbacks, nightmares, hypervigilance, sadness, fear and embarrassment due to these reckless actions by Gustavo Blacio and these Individual Defendants listed herein.

## CAUSES OF ACTION
### COUNT I

51. First Amendment Retaliation Against Defendant Gustavo Blacio, Defendant "JOHN DOE" and each Individual Defendants.
52. Defendant Gustavo Blacio made attempts to censure Plaintiff First Amendment rights to free speech by threatening the Plaintiff to be strapped on a restraint chair inside Miami Beach Police Department holding cell for simply telling Defendant Blacio that the arrest was illegal and that Blacio's actions violated Plaintiff's protected civil rights.
53. Defendant Gustavo Blacio arrest and prosecution of Plaintiff in the absence of probable cause that Plaintiff committed or was committing a crime constituted unlawful retaliation against Plaintiff by public officials for engaging in activity protected by the First Amendment to the United States Constitution.
54. While Defendant Blacio was acting under color of law as a police officer for the City of Miami Beach, he deprived Plaintiff Alberonick of rights secured to him under the First Amendment to the United States Constitution.
55. During the course of the Defendant City's employment of Defendant Gustavo Blacio, the City of Miami Beach became aware of information that Defendant Blacio was unfit to serve in the capacity of a police officer and that he posed a danger to the public and that he had repeatedly violated the civil rights of those he was sworn to serve and protect.
56. Defendant City of Miami Beach, Florida is responsible for the violations of Plaintiff's constitutional rights because Defendant Blacio and Officer "JOHN DOE" actions resulted from the City's deliberate indifference to a custom, pattern, practice, or policy of allowing officers to harass and arrest peaceful and law abiding individuals who did not commit any crime.

**COUNT II**

57. Fourth Amendment Retaliation Against Defendant Gustavo Blacio, Defendant "JOHN DOE" and all Individual Defendants.
58. Unreasonable Searches and Seizures in Violation of the Fourth Amendment Against each Individual Defendant and the City of Miami Beach, Florida.
59. "The Fourth Amendment protects individuals from unreasonable search and seizure." *United States vs Chanthasouxat, 342 F.3d 1271, 1275 (11th Cir. 2003)*; U.S. Constitution., Amendment IV.

60. A Fourth Amendment seizure occurs when "there is a governmental termination of freedom of movement through means intentionally applied." *Brower vs County of Inyo, 489 U.S. 593, 597 (1989).*
61. When Individual Defendant "JOHN DOE" pointed his guns at Plaintiff Alberonick and directed his movements, Alberonick Valsaint were "seized and arrested." This type of action by Defendants violated Plaintiff Alberonick's Fourth Amendment right to the United States Constitution.
62. "An arrest is a seizure of the person." *Skop vs. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007) (citing California vs Hodari D., 499 U.S. 621, 624 (1991)).*
63. When Defendants Gustavo Blacio and his co-defendants placed Plaintiff Alberonick in handcuffs, Plaintiff Alberonick was "seized." This action by Defendant Gustavo Blacio and all Individual defendants violated Plaintiff's Fourth Amendment rights to the United States Constitution.
64. "Probable cause to arrest exists when law enforcement officials have **facts** and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."
65. With Defendant Gustavo Blacio assisting and witnessing, Defendant "JOHN DOE" brandished his weapon to Plaintiff's head, pressured and ordered the Plaintiff to "open his backpack so Defendants "John Doe" and Blacio could see what type of weapon the Plaintiff has in it".
66. Afraid that Officer "JOHN DOE" would shot him dead for refusing to comply, Plaintiff Alberonick kindly unzipped his backpack to prove to Defendants "John Doe" and Gustavo Blacio that his backpack only contained a Dell Laptop, an electric charger cable for the laptop, a cellphone charger, couple of pens, a notebook to take school notes and other school related materials.
67. In reality, the Plaintiff never had any weapon in his school backpack as **proven** to the Defendants Gustavo Blacio and "John Doe". Plaintiff never owned or had any "gun" (legal or illegal) of any kind.
68. Clearly, the Defendants baselessly accused Plaintiff of having illegal weapon which proved to be false and untrue.
69. On October 25th, 2018, Defendant Gustavo Blacio searched, patted down and seized the Plaintiff, then Blacio confiscated Plaintiff's backpack which contained his Dell Laptop, cellphones and other personal items.

70. Defendant Blacio took Plaintiff's school backpack into a room at the Miami Beach Police Department at 1100 Washington Ave, Miami Beach, Florida.
71. It took Plaintiff more than two days to retrieve his backpack, which contained his laptop and his school materials, from Miami Beach Police Department.
72. Defendants Gustavo Blacio and "JOHN DOE" did not have any warrant from the court to search Plaintiff's backpack and laptop.
73. The search of Plaintiff's backpack and laptop without probable cause and warrant constituted a flagrant violation of the Plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizures.
74. Defendant City of Miami Beach, Florida is responsible for the violations of Plaintiff's Fourth Amendment right to the United States Constitutional because Defendant Gustavo Blacio actions resulted from the City of Miami Beach's deliberate indifference to a custom, pattern, policy and/or practice of allowing police officers to search and seizure of individual property without probable cause and retaliate against individuals.

**COUNT III**

**75.** Fourteenth Amendment Retaliation Against Defendant Gustavo Blacio and All Individual Defendants.
76. False Arrest and False Imprisonment Retaliation Against Defendants Gustavo Blacio, "JOHN DOE" and all Individual Defendants.
77. The Plaintiff has a clear established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person.
78. The Fourteenth Amendment to the United States Constitution had made it clear that "No state should make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprives any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".
79. Defendant Gustavo Blacio and all Individual Defendants violated the Plaintiff's Fourteenth Amendment rights to the U.S. Constitution when they deprived Plaintiff Alberonick from liberty, life, liberty and property by locking him up in a Miami-Dade County detention center.

80. Defendant Gustavo Blacio did not have a warrant to make that arrest and there was no probable cause of any crime committed.
81. Defendant Gustavo Blacio violated Plaintiff's Fourteenth Amendment rights by handcuffing Plaintiff without any probable cause or reasonable belief that plaintiff committing any crime.
82. The Fourth District Court of Appeals has stated that "there is no legal basis to detain an individual in order to complete and issue a trespass warning. The statute does not specify how a warning is to be issued; therefore, a verbal warning would suffice, negating any need to detain the individual while a written warning is completed. Because the detention would be unlawful any evidence of other crimes discovered as a result would be suppressed." *Gestewitz v. State,* (4DCA 2010).
83. "A police officer does not have the authority to conduct an investigatory stop or arrest for trespass unless the owner of such property or his agent first warned the potential trespasser. Florida law requires that notice be given before a person can be guilty of trespassing on property and individuals can be legally detained for trespassing only if they were first warned to leave the property". *Slydell vs State,* (4thDCA 2001)
84. Plaintiff Alberonick never got any warning from Miami Beach Police or property owner to leave the property.
85. While Defendant Blacio was acting under color of law as a police officer for the City of Miami Beach, he deprived Plaintiff Alberonick of rights secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.
86. Defendant Gustavo Blacio and Individual Defendants deprived Plaintiff from liberty, property and privilege set forth by the fourteenth Amendment to the U.S. Constitution when Defendants had Plaintiff seized and incarcerated into Miami Dade County jail.
87. Defendant City of Miami Beach is responsible for the violation of Plaintiff's Fourth and Fourteenth Amendments rights to the United States Constitution since the Defendant's actions resulted from the City of Miami Beach's deliberate indifference to a custom, pattern, policy and practice of allowing police officers to retaliate against individuals, without probable cause, for doing absolutely nothing illegal except for having a "physical presence" in the jurisdiction of the City of Miami Beach, Florida.

## COUNT IV

88. Fourth and Fourteenth Amendment Retaliation Against Defendant Gustavo Blacio and all Individual Defendants for Malicious Prosecution and Harassment.
89. The Plaintiff has established rights under the Fourth and the Fourteenth Amendment to the United States Constitution to be free from unreasonable search and seizure.
90. Defendant Gustavo Blacio also violated Plaintiff's Fourth and Fourteenth Amendments rights when Blacio engaged in malicious prosecution to make that arrest.
91. According to 9th US Circuit Court and the U.S. Supreme Court rulings, the City of Miami Beach, Florida and/or City of Miami Beach Police Department "cannot prosecute homeless individuals for involuntary sitting, lying and sleeping in public". Cf: *Martin vs. Boise, 920 F.3d 584* (9th Circuit 2019).
92. On September 4, 2018, the United State Supreme Court affirmed that the state may not "criminalize conduct that is an unavoidable consequence of being homeless —namely sitting, lying, or sleeping on the streets" - *Martin vs. Boise, 920 F.3d 584 (9th Cir. 2019).*
93. Defendant Gustavo Blacio and all Individual Defendants violated both the 9th Circuit Court ruling and the U.S. Supreme Court ruling on Martin vs Boise.
94. While Defendant Blacio was acting under color of law as a police officer for the City of Miami Beach, he deprived Plaintiff Alberonick of rights secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.

95. Defendant Blacio pursued this prosecution of Plaintiff with malice in retaliation for Plaintiff engaging in constitutionally protected activity and without any probable cause or reasonable basis for believing that Plaintiff violated any laws or that Plaintiff committed any other crime.
96. The U.S. Supreme Court rejected a petition to review *Martin vs Boise* on December 16, 2019 upholding the Ninth Circuit Court ruling that people experiencing homelessness cannot be criminally punished individuals for lying, sitting or sleeping on the streets.

97. Defendant Gustavo Blacio violated Plaintiff's constitutional rights when Defendant charged Plaintiff with a crime, transported the plaintiff to a detention center (jail) to be incarcerated for about two days.
98. Defendant Gustavo Blacio unlawfully and without probable cause seized and arrested Plaintiff Alberonick without any verbal or written warnings as required by state and federal laws.
99. At the time of the incident, Defendant Gustavo Blacio was advised multiple times by Plaintiff that such arrest was illegal and did not meet legal requirements. Defendant Gustavo Blacio's body camera can prove all that.
100. Defendant Gustavo Blacio unlawfully and without probable cause seized and arrested Plaintiff Alberonick without reading the "Miranda Rights" to the Plaintiff.
101. The charges against Plaintiff were later dropped in the court of laws because the judge agreed there was absolutely no evidence the Plaintiff committed any crime.
102. Plaintiff have suffered serious and irreparable emotional damages and character assassination due to this reckless and wrongful arrest by Defendant Gustavio Blacio.
103. Plaintiff's booking photographs of arrest and profiles have been shared and exposed with several dozens of different websites all over the internet which put the Plaintiff at a very high risk of becoming the next identity theft victim.
104. Plaintiff got left with emotional trauma as a result of this reckless incident by Defendant Gustavo Blacio and the Individual Defendants.
105. Plaintif Alberonick's very good reputation got tarnished and his clean records had gone to the drain due to reckless and wrongful actions by Defendant Gustavio Blacio.
106. Defendant City of Miami Beach Police Department is responsible for the violation of Plaintiff's Fourth and Fourteenth Amendments rights to the United States Constitution since the Defendant's actions resulted from the City of Miami Beach's deliberate indifference to a custom, pattern, policy and practice of allowing police officers to retaliate against individuals, without probable cause, for doing absolutely nothing illegal except for having his "physical presence" in the jurisdiction of the City of Miami Beach, Florida.

## COUNT V

107. *34 U.S.C. § 12601* and Title VI Racial Profiling Against Defendant Gustavo Blacio and Individual Defendants.

108. The Fourth Amendment to the United States Constitution requires individual justification for searches and seizures, and the Equal Protection Clause bars most law enforcement decisions based on race.
109. Two federal statutes, *34 U.S.C. § 12601* and Title VI of the Civil Rights Act of 1964, allow for racial profiling lawsuits against Defendants Gustavo Blacio, "John Doe" and Individual Defendants.
110. Defendant Blacio repeatedly asked Plaintiff about his national origin and his race several times which made it clear that this prosecution was malicious and that Defendant Gustavo Blacio and Individual Defendants actions were racially motivated.
111. Defendant Gustavo Blacio never read the "Miranda Rules" to Plaintiff Alberonick as required by Supreme Court ruling of 1966 in *Miranda vs Arizona, 384 U.S. 436 (1966)*.
112. Defendant Gustavo Blacio and all Individual Defendants had engaged in patterns of performing unconstitutional enforcement that targeted, harassed and arrested Plaintiff Alberonick.
113. Defendant Blacio repeatedly asked Plaintiff: "Are you from Haiti"? "Are you Haitian", "What do you do for a living?"
114. Defendant Blacio lied on the police report about Plaintiff's citizenship by listing Plaintiff's citizenship as "HT" for Haitian, but in reality, Plaintiff is an American citizen.
115. Defendant Blacio lied on the police report that the Plaintiff failed to leave after warnings, but there was absolutely no warning or order given to Plaintiff to leave.
116. Title VI, *42 U.S.C. 2000D* of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, sex, color, national origin.
117. Civil Rights Act had made it illegal for any municipality or government entity to discriminate against any individual based on national origin, sex, color, race.
118. Defendant City of Miami Beach is responsible for the violation of Plaintiff's rights under Title VI and the 34 U.S.C. § 12601 since Defendants Blacio and Officer "JOHN DOE" actions resulted from the City of Miami Beach's deliberate indifference to a custom, pattern, policy and practice of allowing police officers to retaliate against individuals based on race, national origin, color or sex.

**COUNT VI**

119. Negligence and Retention Against City of Miami Beach, Florida.

Case 1:21-cv-24143-RNS   Document 1   Entered on FLSD Docket 11/24/2021   Page 14 of 16

14

120. The Defendant City of Miami Beach, Florida has a duty to protect individuals from acts of false arrest, malicious prosecution, harassment, illegal detention by the police officers It hired.

121. The City of Miami Beach knew about the Defendants sketchy records and long history of civil rights violations, wrongful arrests, illegal detention and misconducts indicating that Defendants Gustavo Blacio, "JOHN DOE" and all individual defendants were unfit to serve as police officers.

122. The City of Miami Beach knew that Defendant Gustavo Blacio, JOHN DOE and individual Defendants posed a danger to the public, but the City of Miami Beach never took any action to correct these types of misconduct.

123. The City of Miami Beach, Florida breached its duty of reasonable care to protect individuals by retaining Defendants Gustavo Blacio, "JOHN DOE" and other co-defendants as police officers.

124. As a direct and proximate cause of the wrongful acts and omissions of the Defendant City of Miami Beach, Plaintiff Alberonick has suffered irreparable damages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

125. The City of Miami Beach, Florida and City of Miami Beach Police Department were formally informed by Plaintiff Alberonick via certified mail on August 24th, 2020 that a Federal civil lawsuit will be filed against them within the time set by established laws.

126. Police officer Daniel Han from Miami Beach Police Department responded by mail to Plaintiff's formal notice to acknowledge the receipt of such notice.

127. The Defendant City of Miami Beach, Florida and/or Miami Beach Police Department failed to resolve this issue and left the Plaintiff with no other options except to move forward with the case.

128. Officer Daniel Han from Internal Affairs Department at Miami Beach Police Department hung up the phone on Plaintiff after Plaintiff told him he will have to consult with an attorney to see whether or not Daniel's proposition to record Plaintiff conversation about Plaintiff's complaint is legal.

129. Due to coronavirus outbreak, United States District Court for the Southern District of Florida in Miami-Dade County was closed for business for more than one year.

## REMEDY

130. As a direct and proximate cause of the wrongful acts and omissions of the Individual Defendants, Plaintiff Alberonick suffered emotional distress, character assassination, loss of wages, and other irreparable damages to his person.
131. WHEREFORE, Plaintiff respectfully requests this Court to award the following:
132. Punitive damages against Defendants Gustavo Blacio and "John Doe". Plaintiff's costs, court fees, lost wages, pain and suffering, expenses and reasonable legal fees pursuant to *42 U.S.C. § 1988,* and such other and further relief as this Court deems necessary and proper;
133. Enter a declaratory judgement that the defendants violated Plaintiff's First Amendment rights and *42 U.S. Code Section 1983* of the Civil Rights Act.
134. Enter a declaratory judgement that defendants Gustavo Blacio, "John Doe' and individual defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure and malicious prosecution.
135. Enter a declaratory judgement that the defendants Gustavo Blacio, "John Doe", Orlando Sosa Jr and David Cajuso violated Plaintiff's Fourteenth Amendment rights to be free from malicious prosecution, harassment, illegal detention;
136. Enter a declaratory judgement that defendants Gustavo Blacio "John Doe", Orlando Sosa Jr and David Cajuso violated Plaintiff's Fifth Amendment rights to be free from unlawful interrogation.
137. Award punitive damages against Defendants Gustavo Blacio and "JOHN DOE" and other Individual Defendants as deemed logical and appropriate by the court.
138. Award other punitive damages permitted by law.

## DEMAND FOR JURY TRIAL

139. The Plaintiff hereby demands a jury trial as declared by the Seventh Amendment to the United States Constitution and as provided by the federal statutes.

## CERTIFICATION AND CLOSING

140. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint:

141. is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;
142. is supported by existing laws or by non-frivolous argument for extending, modifying or reversing existing laws;
143. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
144. this complaint otherwise complies with the requirements of Rule 11.

145. Dated: November 23rd, 2021.

146. Respectfully submitted,

147. Alberonick Valsaint

148. _____

149. PO BOX 170931
150. MIAMI, FLORIDA 33017-0931