United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alberonick Valsaint, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-24143-Civ-Scola |
| | ) |
| City of Miami Beach, Florida and others, Defendants. | ) |

### Order Striking Complaint

  This matter is before the Court upon an independent review of the record. Valsaint is suing Defendants City of Miami Beach, Gustavo Blacio, Officer "John Doe," David Cajuso, and Orlando Sosa, Jr. for violations of his constitutional, federal- and state-law rights as a result of being allegedly wrongfully arrested and detained. (Compl., ECF No. 1.) Although the Court determined that Valsaint pleaded enough to get past screening, under 28 U.S.C. § 1915(e)(2)(B), the Court finds his complaint nevertheless amounts to a shotgun pleading.

  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

  Valsaint's sixteen-page complaint contains 50 introductory paragraphs leading up to six counts that are alleged, variously, against the City and four individual police officers, one of whom is only identified as John Doe. Except for count six, all the other counts are lodged against all five Defendants, making it impossible to discern which allegations and claims are directed to which Defendant. *See Weiland*, 792 F.3d at 1323 (noting the impropriety of "asserting multiple claims against multiple defendants without specifying which of

the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Furthermore, within each count, Valsaint fails to specify which of the 50 introductory paragraphs pertain to each claim, making it difficult to ascertain which allegations Valsaint relies on to support each cause of action. Further, a large number of allegations Valsaint sets forth are conclusory, vague, and seemingly immaterial—"not obviously connected to any particular cause of action." *Id*. at 1322.

In order to remedy these deficiencies, the Court orders Valsaint to file an amened complaint. In doing so, Valsaint must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) limit his factual background sections to only those factual allegations that are common to or supportive of all his claims; (4) clearly identify which Defendants are responsible for what conduct and which cause of action; (5) avoid lumping together multiple causes of action into a single count; (6) avoid conclusory or vague allegations; and (7) identify which factual allegations and acts pertain to which count.

For the reasons set forth above, the Court **strikes** Valsaint's complaint (**ECF No. 1**). Valsaint may file an amended complaint by **March 18, 2022**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Valsaint is forewarned that his **failure to comply with this order may result in the dismissal of his case**.

Accordingly, the Defendants' motions to dismiss are all **denied as moot** (**ECF Nos. 24, 25, 35**). Furthermore, the Defendants are reminded that, as set forth in the Court's initial order, where there are multiple Defendants, they are **required to file joint motions and consolidated responses and replies**. (ECF No. 8, 2.) The Court cautions the Defendants that further noncompliance with this requirement may warrant sanctions.

**Done and ordered**, in chambers at Miami, Florida, on February 25, 2022.

_____
Robert N. Scola, Jr.
United States District Judge