United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| Alberonick Valsaint, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-24143-Civ-Scola |
| ) | |
| City of Miami Beach, Florida and ) | |
| others, Defendants. ) | |

## Order Denying Motion to Recuse

This matter is before the Court on pro se Plaintiff Alberonick Valsaint's Motion to Recuse Judge Robert N. Scola, Jr. (Pl.'s Mot., ECF No. 79.) 28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and § 455(b) requires recusal in certain specifically enumerated circumstances. Although Valsaint references §§ 455(a) and (b)(1) through (b)(4), it appears his grievances are based only on §§ 455(a), (b)(1), and possibly (b)(3). He asserts that the undersigned's previous positions, as both a judge in family court as well as an employee in the state attorney's office, "has brought too much conflict of interest into the Plaintiff's federal civil rights case." (Pl.'s Mot. at 2.) He also complains that the undersigned "has proven to be too partial, biased, and prejudiced by dismissing a worthy case without fairness and legal ground." (*Id.*)

The Eleventh Circuit has held that in order "[t]o disqualify a judge under §§ 455(a) and (b)(1), the bias must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *U.S. v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (internal quotations and citations omitted). Adverse rulings are insufficient on their own to cast doubt on the Court's impartiality. *Id.*

With respect to 28 U.S.C. §§ 455(a) and (b)(1), Valsaint has not identified any extrajudicial sources that demonstrate a bias, and the undersigned does not believe that his judicial actions demonstrate a pervasive bias or prejudice.  With respect to § 455(b)(3), since Valsaint mentions the undersigned's previous governmental employment, the undersigned never "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). So that provision is also inapplicable.

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** Valsaint's motion for recusal (**ECF No. 79**), for the reasons set forth above.

**Done and ordered**, in Miami, Florida, on July 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:

**Alberonick Valsaint**
PO Box 170931
Miami, FL 33017-0931